**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JOHNATHON ROBERTS, | ) | 3:05-cr-00098-HDM-RAM |
| | ) | 3:10-cv-00531-HDM |
| Defendant-Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING DEFENDANT- |
| | ) | PETITIONER'S OBJECTION TO |
| UNITED STATES OF AMERICA, | ) | GOVERNMENT'S MOTION FOR AN |
| | ) | ORDER WAIVING ATTORNEY- |
| Plaintiff-Respondent. | ) | CLIENT PRIVILEGE |

Before the court is the defendant-petitioner's objection [392] to the government's motion for an order waiving attorney-client privilege [389]. The objection [392] was filed on December 23, 2010. No reply has been filed.

The government's motion for an order waiving attorney-client privilege asks this court "to issue an order wherein the attorney-client privilege in 3:05-cr-98-HDM-RAM is deemed waived for the purposes of this proceeding as to all contentions raised in the defendant's [2255] Motion, and all materials and information

1

related thereto be ordered divulged to the government." [389]

In *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), the Ninth Circuit addressed the scope of an implied waiver of the attorney-client privilege in the context of a habeas petitioner's claim of ineffective assistance of counsel. It held that "[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Id*. at 716. However, the Ninth Circuit has imposed a "narrow waiver rule." *Id*. at 720-21. "[T]he court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Id*. at 720. Thus, not all of the communications between a petitioner and his or her counsel need be disclosed, but only those that address the particular claims of ineffectiveness at issue and that are necessary to give the opposing party a fair opportunity to defend. *See Alvarez v. Woodford*, 81 Fed. Appx. 119, 119 (9th Cir. 2003) (only those documents or portions of documents relating to the claim asserted by the petitioner were ordered disclosed); *United States v. Garcia*, 2010 WL 144860 *5 (E.D. Cal. 2010) ("When a petitioner in a habeas corpus action raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to the matters challenged).

Accordingly, the government's motion for an order deeming attorney-client privilege waived [389] is hereby GRANTED. The attorney-client privilege in 3:05-cr-98-HDM-RAM is deemed waived for the purposes of this action as to the contentions of ineffective assistance of counsel raised in the defendant-

petitioner's § 2255 motion.  The government may request that attorney Marc Picker provide an affidavit addressing the allegations and matters raised in the defendant-petitioner's § 2255 motion and all materials and information related thereto.

**IT IS SO ORDERED.**

DATED: This 4th day of January, 2011.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE