**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:05-cr-00098-HDM |
| | ) | 3:10-cv-00531-HDM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOHNATHON ROBERTS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the court is the defendant's motion to reopen his habeas proceedings (#504). Defendant has also moved for discovery in connection with the motion (#503). The government has opposed (#507), and defendant has replied (#511).

On August 25, 2010, the defendant filed a petition for relief under 28 U.S.C. § 2255. Following responses from the government, replies by the defendant, several supplements, and an evidentiary hearing, the court denied defendant's motion on July 9, 2012. Defendant appealed the court's order, and on January 28, 2013, the Ninth Circuit denied defendant a certificate of appealability.

1

On July 11, 2013, defendant filed a Federal Rule of Civil Procedure 60(b) motion to vacate the court's order denying his § 2255 petition.  The court denied that motion on August 7, 2013. Defendant appealed the court's order, and on October 30, 2013, the Ninth Circuit denied defendant a certificate of appealability.

On or about July 23, 2013, defendant filed a petition for writ of certiorari with respect to the court's order denying his § 2255 petition.  The Supreme Court denied the petition on October 7, 2013.

On February 10, 2014, defendant filed the instant motion seeking to reopen the habeas proceeding on the grounds of newly discovered claims of ineffective assistance of counsel and other alleged constitutional violations.

Pursuant to 28 U.S.C. § 2255, a federal inmate may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  *Id.* § 2255(a).  Where the defendant has previously filed a § 2255 petition, a second or successive § 2255 petition cannot be considered by the district court absent a certificate from the Court of Appeals authorizing it to do so. 28 U.S.C. § 2255(h); *id.* § 2244; *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011).  A defendant "may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under" § 2255.  *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (citing *Gonzalez v.*

2

*Crosby*, 545 U.S. 524, 531).[1]

Defendant claims that on June 13, 2013, he learned that his former attorney, Loren Graham, had failed to advise him of a plea agreement offered by the government before trial in this matter. Defendant contends that the alleged failure to convey the plea offer was ineffective assistance of counsel and that the failure to include the offer in the file when forwarding it to the attorney who replaced Graham violated various of defendant's constitutional rights.

The government responds that defendant's motion to reopen is in essence a second or successive § 2255 petition, and that because the Court of Appeals has not authorized the filing of any such motion, the petition must be dismissed for want of jurisdiction. The government further argues that defendant's motion is squarely foreclosed by the Ninth Circuit's decision in *United States v. Buenrostro*, 638 F.3d 720 (9th Cir. 2011).

In his reply, defendant asks the court to construe his claims under whatever legal framework would give the court jurisdiction. He also suggests that his motion is not second or successive because he raised the newly discovered claim in a letter to the Supreme Court before filing his petition for writ of certiorari.

In *United States v. Buenrostro*, the defendant moved to reopen his § 2255 proceeding on the basis of a newly discovered

---

[1] While a "defect in the integrity of the federal habeas proceedings, such as fraud on the court, might justify reopening § 2255 proceedings under Rule 60(b)," *Buenrostro*, 638 F.3d at 722 (citing *Gonzalez*, 545 U.S. at 532 & n.5) (internal punctuation omitted), defendant has not in this motion asserted any such claim. Moreover, defendant raised a claim of defect in the integrity of the proceedings in his first Rule 60(b) motion, and such claim was rejected by the court.

3

ineffective assistance of counsel claim. *Buenrostro,* 638 F.3d at 721. Specifically, the defendant asserted that his attorney had not conveyed a plea offer from the government before the defendant went to trial – the same claim made here. *Id.* The defendant did not learn of the proposed plea offer until after his initial § 2255 proceedings had concluded. *See id.*

The Ninth Circuit held that because the defendant's new claim was cognizable under § 2255 and was "wholly independent of the claims adjudicated in his first § 2255 proceeding," the second or successive bar applied to bar the defendant's claim. The court held this despite the fact that the defendant had not discovered the new claim until his initial habeas proceedings had concluded. The relevant question for the second or successive bar was not whether the defendant knew of the claim during the first proceedings but whether it was ripe at that time. The Ninth Circuit concluded that the defendant's claim that his attorney had failed to convey a plea offer before trial was ripe at the time defendant filed his first § 2255 petition. The court further concluded that it could not authorize the filing of the second or successive petition because the defendant's claim neither bore on his innocence of the underlying crime nor turned on a new rule of constitutional law.

Defendant's request to reopen the habeas proceedings is foreclosed by the second or successive bar and the Ninth Circuit's decision in *Buenrostro*. That defendant may have advised the Supreme Court of his newly discovered claim before the Court denied his petition for writ of certiorari is irrelevant. Defendant cites no authority for the proposition that raising an issue with the

4

Supreme Court is sufficient to raise the claim in the initial habeas proceedings.  This is particularly true in this case, where defendant in fact filed a Rule 60(b) motion with this court on July 8, 2013 – several weeks after he asserts he learned of the alleged unconveyed plea offer – and the Rule 60(b) motion contained nothing indicating or even suggesting that he might have such a claim.  Defendant's remaining attempts to distinguish *Buenrostro* are unpersuasive.

Defendant asks the court to construe his claims in whatever framework would allow him relief.  However, a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."  *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001).

Defendant also argues that he should be able to proceed under 28 U.S.C. § 2241.  Section 2255 provides an escape hatch allowing a prisoner to file a petition for habeas corpus under § 2241 if § 2255 "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  However, a § 2241 petition must be filed in the court in the jurisdiction where the defendant in being held.  *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court.").  Defendant is not in custody in the District of Nevada, so this is not the custodial court.  Moreover, defendant has not shown he is qualified for the escape hatch.  Section 2255's remedy is not inadequate or ineffective merely because the defendant cannot file a second or successive petition.

5

*Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). To meet the "escape hatch criteria" the defendant must "make[] a claim of actual innocence," and have "not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Defendant asserts that he is claiming actual innocence. However, nothing in the briefs demonstrates that defendant is actually innocent. Rather, defendant argues that he would not have been convicted of certain counts but for the alleged ineffective assistance of counsel. But this is not actual innocence. Accordingly, defendant does not qualify for § 2255's escape hatch.

When the defendant's claim is denied on procedural grounds, a certificate of appealability should issue if the petitioner shows: (1) "that jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The court has considered the arguments raised by defendant with respect to whether they meet the standard for issuance of a certificate of appealability and concludes that they do not. Accordingly, the court will not grant defendant a certificate of appealability.

/

/

In accordance with the foregoing, the defendant's motion to reopen the habeas proceedings (#504) is **DENIED**.  The motion for discovery (#503) is also **DENIED**.

IT IS SO ORDERED.

DATED: This 16th day of May, 2014.

_____
UNITED STATES DISTRICT JUDGE